804 F.2d 248
 1987 A.M.C. 204
 PURNELL, Odessa, As the Administratrix of the Estate of
Wise, Larry McKinley, Deceased
v.
NORNED SHIPPING B.V. and Chesapeake Trading Corporation
v.
WILMINGTON STEVEDORES
and
City of Wilmington (Third Party Defendants).
Appeal of WILMINGTON STEVEDORES, INC., Appellant.
PURNELL, Odessa, As the Administratrix of the Estate of
Wise, Larry McKinley, Deceased
v.
WILMINGTON STEVEDORES, INC. Chesapeake Trading Corporation
v.
CITY OF WILMINGTON
and
Norned Shipping B.V. (Third-Party Defendants).
Appeal of WILMINGTON STEVEDORES, INC., Appellant.
GIST, Brenda, As the Administratrix of the Estate of William
Martin Gist, Deceased
v.
NORNED SHIPPING B.V.
v.
WILMINGTON STEVEDORES
and
City of Wilmington.
Appeal of WILMINGTON STEVEDORES, INC. Appellant.
GIST, Brenda, As the Administratrix of the Estate of Gist,
William Martin, Deceased
v.
WILMINGTON STEVEDORES, INC.
v.
CITY OF WILMINGTON
and
Norned Shipping B.V.
and
Chesapeake Trading Corporation.
Appeal of WILMINGTON STEVEDORES, INC. Appellant.
 Nos. 85-1507 to 1510.
 United States Court of Appeals,
Third Circuit.
 Oct. 31, 1986.
 
 Before SLOVITER and STAPLETON, Circuit Judges and MENCER, District Judge.*
 OPINION SUR DENIAL OF PETITION OF APPELLEE CITY OF
 WILMINGTON FOR PANEL REHEARING
 STAPLETON, Circuit Judge.
 
 
 1
 The City of Wilmington has moved for panel rehearing asserting that the panel's decision in this case creates a conflict with our decision in Pastore v. Taiyo Gyogyo, K.K., 571 F.2d 777 (3d Cir.1978). In Pastore, a fireman employed by the City of Philadelphia recovered damages from the owner of a vessel for injuries which he sustained while attempting to extinguish a fire on the vessel. The shipowner sought contribution from the City. The court denied this contribution claim noting that Pennsylvania's Workmen's Compensation Act barred the fireman from suing the City and holding that the City could not be held indirectly liable for the plaintiff's injuries through the granting of a claim for contribution. While the contribution claim was denied in Pastore and was allowed here, the legal analysis in Pastore is entirely consistent with that of the panel in this case. Both cases hold that the availability of contribution from a joint tortfeasor in a maritime case depends on whether the injured party could have recovered damages for his injuries from the party from whom contribution is sought. The difference in the result arises from the fact that the shipowner in Pastore did not assert that the exclusivity provision of the Pennsylvania statute would violate the supremacy clause if applied to bar a right conferred by federal maritime law. Since no such contention was made and the exclusivity provision of the Pennsylvania statute was applicable on its face, the Pastore court understandably concluded that the fireman was barred from suing the City.
 
 
 2
 The petition for panel reargument fails to suggest any rationale by which we could conclude that a state statute can extinguish a federally created cause of action. Based upon the authorities and analysis set forth in the panel opinion, we remain convinced that no such theory exists. Certainly, no such theory was embraced by this court in Pastore.
 
 
 3
 The petition for panel rehearing also suggests that the panel's decision denies the benefits of state workmen's compensation programs to harborworkers employed by state and local governments. This is an unfortunate, though perhaps plausible, reading of the panel's opinion. We did not mean to suggest that a state may not confer the benefits of its workmen's compensation program on harbor workers by whomever employed. Indeed, the Supreme Court has held that states may confer workmen's compensation benefits on harborworkers even though Congress has conferred similar federal benefits on most such workers. Sun Ship Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980).** The panel's opinion holds only that Delaware, by virtue of 19 Del.C. Sec. 2310, has elected not to confer its workmen's compensation benefits on workers "injured or killed while engaged in interstate or foreign commerce ... whenever the laws of the United States provide for compensation or for liability for such injury or death."
 
 
 4
 The petition for panel rehearing filed by the City of Wilmington, appellee, in the above-entitled case having been submitted to the judges who participated in the decision of this court and no judge who concurred in the decision having asked for rehearing, the City's petition for panel rehearing will be denied.
 
 
 
 *
 Honorable Glenn E. Mencer, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 **
 We note that the existence of this option to supplement federal rights does not, of course, imply a corresponding right to diminish or eliminate federal rights. The Supreme Court makes clear in Sun Ship that a state workmen's compensation statute may not require a worker to forego his compensation benefits under the Longshoremen's and Harborworker's Compensation Act. See 447 U.S. at 724, n. 6, 100 S.Ct. at 2438, n. 6 and accompanying text